# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

DALVIN DEAN CANDLER                                                    PLAINTIFF


v.                              NO. 1:07CV00031 JLH/HDY


CLAUDIA NOBLES, Circuit Court Clerk,                            DEFENDANTS
Independence County, Arkansas;
STEPHEN CHOATE, Circuit Court Judge,
Independence County, Arkansas;
KEITH BOWERS, Sheriff, Independence
County, Arkansas; TODD ALLEN,
Attorney, Independence County,
Arkansas, Child Support Enforcement
Agency; and LAURA MOTT, Director,
Independence County, Arkansas,
Child Support Enforcement Agency


## FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States

District Judge J. Leon Holmes.  Any party may serve and file written objections to these

findings and recommendation.  Objections should be specific and should include the

factual or legal basis for the objection.  If the objection is to a factual finding,

specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

-2-

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325


## DISPOSITION


INTRODUCTION.  The record reflects that plaintiff Dalvin Dean Candler ("Candler")

commenced this proceeding on June 28, 2007, by filing a pro se complaint pursuant to

42 U.S.C. 1983.  He joined that submission with an application to proceed in forma

pauperis.  On July 23, 2007, United States District Judge J. Leon Holmes referred the

proceeding for recommended disposition.  On July 27, 2007, the Court granted Candler's

application to proceed in forma pauperis.  Although his application was granted, service

of process was not deemed appropriate at that time.  The Court now addresses the

question of whether service of process is appropriate.

PRISON LITIGATION REFORM ACT.  The Prison Litigation Reform Act requires the

Court to screen a complaint filed by a prisoner in which relief is sought against a

governmental entity, officer, or employee.  See 28 U.S.C. 1915A(a).  The Court must

dismiss such a complaint, or portion thereof, if the prisoner has raised claims that: (1)

are legally frivolous or malicious, (2) fail to state a claim upon which relief may be

granted, or (3) seek monetary relief from a defendant who is immune from such relief.

See 28 U.S.C. 1915A(b).

In screening the prisoner's complaint, the Court is mindful that the complaint should only be dismissed for failure to state a claim if it appears beyond doubt that the prisoner can prove no set of facts in support of his claim which would entitle him to relief.  See Springdale Education Association v. Springdale School District, 133 F.3d 649 (8th Cir. 1998).  In making that determination, the Court adheres to two principles: first, a pro se complaint is to be liberally construed, and second, the factual allegations contained therein are to be accepted as true.  See Haines v. Kerner, 404 U.S. 519 (1972). It is against the backdrop of the foregoing that the Court turns to consider the complaint at bar.

CLAIMS.  A brief summary of Candler's pro se complaint is not easy.  Accepting his factual allegations as true, the events giving rise to this proceeding stem from "a lengthy history of trouble in Independence County, [Arkansas], from 1989 until 1996."  See Document 2 at 7.  His most recent trouble with Independence County authorities, and the apparent cause for the commencement of this proceeding, appears to have begun in August of 2005.  During that period, Candler was incarcerated in a penal institution in Newport, Arkansas.  While there, he was served with an Order to Show Cause that had been issued by the Independence County Circuit Court, the presiding judge of which was defendant Stephen Choate ("Choate").   The order concerned Candler's alleged delinquent child support payments in three separate cases and reflected that a hearing on his delinquency would be held in Batesville, Arkansas, on October 12, 2005.

-4-

For some reason, Candler was never transported to Batesville, Arkansas, for the hearing and, as a result, he never appeared to answer the Order to Show Cause. Because of his failure to appear, one or more "Body Attachments" were issued by the Independence County Circuit Court.[1] At some point, a Detainer was also lodged against him; the Court accepts that the Detainer was lodged as a result of his failure to appear.

Candler was later transferred to the Arkansas Department of Correction ("ADC"). At some point, Candler learned that the "Body Attachments" and Detainer prevented him from participating in several of the programs administered by the ADC. He then began an attempt to have the "Body Attachment" and Detainer removed; he did so by attempting to file a series of pleadings and/or motions in the child support enforcement cases apparently maintained by defendant Claudia Nobles ("Nobles"), the Independence County Circuit Court Clerk. She continually rejected his submissions, though, for a variety of reasons. When his efforts to file pleadings and/or motions in the child support enforcement cases failed, he sought the assistance of defendants Keith Bowers ("Bowers"), the Independence County Sheriff; Laura Mott ("Mott"), the Director of the Independence County Child Support Enforcement Agency ("Agency"); and Todd Allen ("Allen"), an attorney with the Agency. They were of no assistance in either helping him file his submissions or in removing the "Body Attachments" and Detainer.

---

[1]

      A "Body Attachment" is a civil arrest warrant issued when a person has been ordered to appear in court but fails to do so. It appears that a "Body Attachment" was issued in each of the three cases.

On the basis of the foregoing, Candler alleges that the defendants violated his constitutional rights in the following respects:

(1) causing the "Body Attachments" and Detainer to be placed on him "knowing that [the "Body Attachments" and Detainer] would … be damaging to [him] and would … prevent [him] from participating in certain [ADC] programs," <u>see</u> Document 2 at 6;

(2) denying him access to the courts by refusing to file his pleadings and/or motions in the child support enforcement cases; and

(3) refusing to conduct a timely hearing in the child support enforcement cases.

For the alleged violation of Candler's constitutional rights, he seeks the following relief in his <u>pro</u> <u>se</u> complaint:

(A) "a hearing in this matter so that the proper amount of [c]hild [s]upport that is actually owed can be adjudicated and entered as [a] part of the record," <u>see</u> Document 2 at 8;

(B) the removal of the "Body Attachments" and Detainer so that he can participate in certain ADC programs; and

(C) "emotional and punitive damages," <u>see</u> Document 2 at 8.

CAPACITY.  Even according Candler's pro se complaint a liberal construction, the Court has been unable to find any allegation as to the capacity in which the defendants have been joined.  For that reason, the Court will assume that each defendant has been joined in his or her official capacity only.  See Tyus v. Cranor, No. 06-3370 (8th Cir. August 27, 2007) [quoting Johnson v. Outboard Marine Corporation, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.")]

NOBLES.  Nobles has apparently been joined as a party to this proceeding because she allegedly denied Candler access to the courts when she refused to file his pleadings and/or motions in the child support enforcement cases.  For the reasons that follow, Candler should not be allowed to proceed against Nobles at this time.

First, Ayers v. Reynolds, 1995 WL 386435 at 2 (8th Cir. 1995), provides that a circuit court clerk is entitled "absolute quasi-judicial immunity" for any function "closely associated with the judicial process."  Filing pleadings and/or motions in civil and/or criminal proceedings is clearly a function closely associated with the judicial process.  Assuming, arguendo, that Nobles was the official responsible for filing Candler's pleadings and/or motions, it is clear that she is entitled to "absolute quasi-judicial immunity" from Candler's claim for damages.

-7-

Second, although absolute quasi-judicial immunity does not shield Nobles from Candler's claims for non-monetary relief, traditional concerns of equity, comity, and federalism counsel against exercising jurisdiction at this time. See Middlesex County Ethics Commission v. Garden State Bar Association, 457 U.S. 423 (1982); Younger v. Harris, 401 U.S. 37 (1971).[2]  Applying the factors identified in those cases, the Court finds that the child support enforcement cases appear to be on-going in Independence County Circuit Court; the dispute in the Independence County Circuit Court cases involves the payment of allegedly delinquent child support, a matter of great importance to the states; and Candler can raise his constitutional challenges in the on-going state proceeding.   Because there is no evidence of "bad faith, harassment, or some extraordinary circumstance that makes abstention inappropriate," the Court should not exercise jurisdiction at this time.

---

[2]

In Younger, the United States Supreme Court held that federal courts may not enjoin pending state court criminal proceedings except in very unusual situations.  The Younger doctrine was subsequently expanded to prohibit federal courts from interfering in certain pending state civil cases, as well as pending state administrative proceedings which are judicial (as opposed to legislative) in nature.  See Night Clubs, Inc. V. City of Fort Smith, Arkansas, 163 F.3d 475 (8th Cir. 1998).

There are essentially three issues that must be addressed in determining whether to invoke the Younger abstention doctrine: (1) whether the action complained of constitutes an ongoing state judicial proceeding; (2) whether the proceeding implicates important state interests; and (3) whether there is an adequate opportunity in the state proceeding to raise constitutional challenges.  See Middlesex [County Ethics Commission v. Garden State Bar Association,] 457 U.S. at 432.  If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." Id. at 435 …

Id. at 479.

CHOATE.  Choate has apparently been joined as a party to this proceeding for at least two reasons: first, he allegedly caused the "Body Attachments" and Detainer to be lodged against Candler knowing that the "Body Attachments" and Detainer would be damaging to him and would prevent him from participating in several programs administered by the ADC, and second, Choate has allegedly refused to conduct a timely hearing in the child support enforcement cases pending in the Independence County Circuit Court.  For the reasons that follow, Candler should not be allowed to proceed against Choate at this time.

First, save two instances not applicable to the facts of this proceeding, judges performing judicial functions enjoy absolute immunity from damages.  See Duty v. City of Springdale, Arkansas, 42 F.3d 460 (8th Cir. 1994).  The issuance of orders and the scheduling of hearings are clearly judicial functions.  Assuming, arguendo, that Choate was the judge who issued the "Body Attachments" and caused the Detainer to be lodged against Candler, and assuming that he is responsible for scheduling a hearing in the child support enforcement cases, it is clear that Choate is entitled to absolute immunity from Candler's claim for damages.  Second, although the immunity does not shield Choate from Candler's claims for non-monetary relief, for the reasons noted above, traditional concerns of equity, comity, and federalism counsel against exercising jurisdiction at this time.

BOWERS.   Bowers has apparently been joined as a party to this proceeding because he allegedly refused to assist Candler in filing his pleadings and/or motions in the child support enforcement cases and in removing the "Body Attachments" and Detainer.  Liberally construing the complaint, he also alleges that Bowers is responsible for failing to transport Candler to the hearing in Batesville, Arkansas.  For the reasons that follow, Candler should not be allowed to proceed against Bowers at this time.

The scope of the immunity enjoyed by a sheriff for acts such as those alleged by Candler is not a model of clarity.  Without deciding that question, the Court simply assumes that Bowers was obligated to assist in the filing of pleadings and/or motions, was capable of removing the "Body Attachments" and Detainer, and was responsible for transporting Candler to the hearing in Batesville, Arkansas.  For the reasons noted above, though, traditional concerns of equity, comity, and federalism counsel against exercising jurisdiction at this time.

MOTT AND ALLEN.  Mott and Allen have apparently been joined as a party to this proceeding because they allegedly refused to assist Candler in filing his pleadings and/or motions in the child support enforcement cases and in removing the "Body Attachments" and Detainer.  It is difficult to determine whether either Mott or Allen enjoy some type of immunity in this instance as the Court does not know how to properly characterize the Agency.  Specifically, the Court does not know whether the Agency is a governmental

agency or some type of quasi-governmental agency.  Given that uncertainty, the Court simply assumes that Mott and Allen enjoy no immunity whatsoever for their actions alleged in Candler's complaint.  Despite having no immunity, Candler should not be allowed to proceed against Mott and Allen at this time.  As the Court noted above, traditional concerns of equity, comity, and federalism counsel against exercising jurisdiction at this time.

RECOMMENDATION.  The undersigned recommends that service of process not be ordered and Candler not be allowed to proceed against the defendants at this time. They are either shielded by immunity or, alternatively, traditional concerns of equity, comity, and federalism counsel against exercising jurisdiction at this time.   The undersigned recommends that this proceeding be stayed pending the resolution of the child support enforcement cases in Independence County Circuit Court.[3]  The Clerk of the Court for the United States District Court, Eastern District of Arkansas, should be directed to administratively terminate this proceeding.  It should only be re-opened upon Candler's submission of a motion to re-open accompanied by the final order and judgment, including appeals, from the Independence County Circuit Court in the child support enforcement cases.

---

[3]

When money damages are sought in addition to non-monetary relief, and the federal court is not asked to declare a state statute unconstitutional in order to award damages, the federal proceeding should be stayed rather than dismissed.  See Yamaha Motor Corporation U.S.A. v. Stroud, 179 F.3d 598 (8th Cir.1999); Night Clubs, Inc. v. City of Fort Smith, Arkansas, supra.

DATED this ____7___ day of September, 2007.


_____
            UNITED STATES MAGISTRATE JUDGE